UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN JOHN YOUNG, | ) | |
| Petitioner, | ) | No. 25-cv-50129 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| KAITLYN RAE YOUNG, | ) | Magistrate Judge Margaret J. |
| Respondent. | ) | Schneider |
| | ) | |

## AGREED MOTION FOR ORDER FOR VOLUNTARY RETURN OF MINOR CHILD TO IRELAND

This matter coming to be heard on Stephen John Young's Verified Complaint and Petition of Stephen John Young for Issuance of a Show Cause Order and for Return of the Minor Child to the Child's Habitual Residence of Ireland and Jurisdiction of Ireland, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act; the parties (Petitioner Stephen John Young and Respondent Kaitlyn Rae Young) both being represented by counsel and having reached an agreement for resolution of this case in lieu of a hearing on the Petition currently set for June 24, 2025 at 9:00 A.M. the parties jointly request the Court to enter the following Order reflecting return of the minor child to Ireland and terms related to same:

**IT IS HEREBY ORDERED**:

A. The Respondent, Kaitlyn Rae Young, shall reimburse the Petitioner, Stephen John Young, for any cancellation fees incurred by him as a result of his cancellation of his trip to the United States on June 23, 2025, up to a maximum reimbursement of $1,000.00

1

U.S. Said reimbursement shall be due within seven (7) days of Petitioner providing Respondent with documentation of any such cancellation fees. In the event that Respondent is not in full compliance with the terms of this Order, Petitioner will be entitled to collect any and all costs and fees related to his Petition.

B. Respondent, Kaitlyn Rae Young, or any other person having actual control of B.J.Y. shall return B.J.Y. to the custody of Petitioner, Stephen John Young, on July 15, 2025 at 2:00 PM so that B.J.Y. may be returned to Ireland. The Respondent is prohibited from removing B.J.Y. from the jurisdiction of this Court pending his return to Ireland.

C. On or before June 24, 2025, the Respondent, Kaitlyn Rae Young, shall tender B.J.Y.'s U.S. Passport to her counsel who shall hold said passport in escrow until further order of an Irish Court or written agreement of the parties.

D. Prior to entry of this Order Respondent, Kaitlyn Rae Young, shall provide Petitioner, Stephen John Young, an Affidavit attesting to each element of a *prima facie* case under Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (collectively the "Hague Convention"); including that the habitual residence of B.J.Y. is Ireland for purposes of the Hague Convention, that Petitioner has custody rights to B.J.Y. in accordance with Irish law and for purposes of the Hague Convention , that at the time of B.J.Y.'s removal to the United States in December, 2024 by Respondent the Petition was exercising his rights of custody to B.J.Y. in accordance with Irish law and for purposes of the Hague Convention, and Respondent's retention of B.J.Y. and transfer of him from Ireland to the United States was wrongful for purposes of the Hague Convention.

E.  The parties agree that from the date of entry of this Order until July 15, 2025 Petitioner shall be allowed regular phone contact with B.J.Y. at all reasonable times, and from July 15, 2025 until further order from any Irish Court or written agreement of the parties, Respondent shall be allowed regular phone contact with B.J.Y. at all reasonable times.

F.  The parties agree to submit any and all questions, requests and issues regarding the custody of B.J.Y. and their divorce to the jurisdiction of the courts in Ireland.

G.  Petitioner, Stephen John Young, waives his right to recover fees and costs pursuant to 22 U.S.C. §9007, excepting those costs identified hereinabove in paragraph A, as long as Respondent fully complies with the terms of the Order herein.

H.  On July 16, 2025 the parties shall file a Joint Status Report providing the Court with the status of compliance with the terms of this agreement, and, if the parties are in compliance, this case shall be voluntarily dismissed without prejudice with each side to bear their own costs and fees.

I.  The Court makes no findings or determinations as to the custody of B.J.Y. Consistent with the provisions of Article 19 of the Hague Convention on the Civil Aspects of International Child Abduction, this Order is not a determination on the merits of any issues relating to the custody of B.J.Y.

J.  This Agreed Order is made under the authority of the International Child Abduction Remedies Act, 22 U.S.C. §9003(a), conferring original jurisdiction on this Court, and under the Authority of Article 7 of the Hague Convention on the Civil Aspects of International Child Abduction.

Respectfully submitted,

 */s\Jeffrey R. Platt*                                                                                   */s/Phillip Brigham*
Jeffrey R. Platt

| | |
|---|---|
| jeffrey.platt@icemiller.com<br>    pbrigham@phillipbrigham.com<br>RJ Casey<br><br>RJ.Casey@icemiller.com<br>Ice Miller, LLP<br><br>200 W.Madison Street, Suite 3500<br>Chicago, IL 60606<br>(312) 726-1567 | Law Office of Phillip Brigham,<br>LLC<br>53 W. Jackson Street, Suite 1560<br>Chicago, IL 60604<br>(312) 360-1722 |

SO ORDERED.

Date: _____                             _____

                                                                      Margaret J. Schneider<br>                                                                      United States Magistrate Judge